UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

FILED
JAN 2 4 2008
At_____M
STEPHEN R. LUDWIG, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

CHRISTIAN COOP, a child,
by his next friend, REBECCA HIBBS,

    Plaintiff,

vs.

Case No. 3:08CV 042 JM

E. MITCHELL ROOB, JR., as Secretary
of the Indiana Family and Social Services
Administration; and the INDIANA
FAMILY AND SOCIAL SERVICES
ADMINISTRATION (FSSA), an agency of the
State of Indiana, and IBM COALITION,
a contractor with FSSA.

    Defendants.

COMPLAINT WITH JURY DEMAND

PRELIMINARY STATEMENT

1. Plaintiff CHRISTIAN COOP (hereinafter Christian), a 7 year old child, has leukemia. He sues, by his mother, REBECCA HIBBS, to determine his right to receive Medicaid benefits and asks the Court to determine his eligibility for those benefits. He bases this action upon federal statutes and constitutional provisions, as well as upon Indiana statutes and state constitutional provisions specified below as Causes of Action. He seeks a declaratory judgment, corresponding injunctive relief, and damages, as set out his Prayer for Relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. sec. 1331 in that the Complaint presents a federal question. Christian seeks to vindicate his civil rights as guaranteed by the American with Disabilities Act, the Rehabilitation Act of 1973, the Medicaid Act, and the Fourteenth Amendment to the Constitution of the United States as exemplified in 42 U.S.C. sec. 1983. Christian also bases this action on supplemental claims, permitted by 28 U.S.C. 1367, arising from Indiana statutes and constitutional provisions, in light of Eleventh Amendment restrictions. Specific statutory and regulatory provisions are set forth in the Causes of Action.

3. Venue of this action lies in the South Bend Division of this Court because the dispute arose in St. Joseph County, Indiana.

## PARTIES

4. Plaintiff Christian Coop resides with his family in Osceola, St. Joseph County, Indiana.

5. Defendant E. Mitchell Roob, Jr. (the Secretary) is Secretary of the Indiana Family and Social Services Administration (FSSA) and, as such, is responsible for administration of the Medicaid program in Indiana. He is an official of the State of Indiana, with offices in Indiana. The Secretary is sued in his official capacity as an individual acting under color of state law.

6. Defendant FSSA is an agency of the State of Indiana, designated by statute to administer the Medicaid program in Indiana. FSSA maintains its principal office in Indianapolis, and has branches in St. Joseph County. FSSA is a recipient of federal financial assistance as defined by section 504 of the Rehabilitation Act, 29 U.S.C. sec.

794, and a public service as defined by Title II of the Americans with Disabilities Act, 42 U.S.C. 12131 et seq.

7. Defendant IBM Coalition, on information and belief, is a contractor with FSSA, responsible for operating certain aspects of the Indiana Medicaid program and is, otherwise, a private entity or entities, with an office maintained at the FSSA Indianapolis headquarters.

## FACTUAL ALLEGATIONS

8. Christian is currently being treated for leukemia and has been for several years.

9. At an earlier time he was enrolled in the Indiana Medicaid program and received benefits from Medicaid.

10. Medicaid is a program administered and funded jointly by the United States Department of Health and Human Resources and the State of Indiana.

11. He has been terminated from his earlier status as a Medicaid recipient. The reasons for the termination are inconsistent with his earlier eligibility and are otherwise unclear.

12. Christian's mother, on his behalf, initiated an administrative appeal within FSSA to challenge his termination. She has discontinued that appeal in order to pursue the present litigation, which presents issues and seeks relief beyond the authority of an FSSA administrative proceeding to consider.

13. Christian and his mother are unable to determine the legal basis for the termination. 12. FSSA has failed to provide an adequate reason for the termination.

14. A legal dispute exists between Plaintiffs and Defendants in that Plaintiffs seek a binding determination of their rights, duties, privileges, and obligations as to Christian's eligibility for Medicaid benefits. Plaintiffs invoke the jurisdiction of this Court under 28

U.S.C. sec. 2201 in that they present an actual case and controversy as to the legal dispute.

15. Plaintiffs further advise the Court that, because of the decision of the Supreme Court in *Pennhurst State School and Hospital v Halderman*, 465 U.S. 89 (1984) [*Pennhurst II*], they simultaneously file a companion action to this case in the St. Joseph County, India courts as there assigned. Specifically Plaintiffs do so in light of both clear and uncertain implications of the Eleventh Amendment to the Constitution of the United States for the present litigation.

## EQUITY AND DAMAGES

16. Christian and his family are persons with low income and few resources. Christian's medical care depends entirely on Medicaid and other public or private benefits. His leukemia requires continuous monitoring, treatment and medication. Interim care and medication have been advanced by medical providers to treat Christian since termination of his Medicaid benefits.

17. He and his family are threatened with irreparable harm in that Christian's medical condition is urgent. The family has limited resources and three other minor children.

18. As a direct and proximate result of the past and threatened actions of Defendants, Christian and his family have suffered or will suffer injuries meriting compensation. Specifically, these injuries include, but are not limited to, losses resulting from denial of statutory and constitutional rights set forth below as Claims in the Causes of Action.

## INCORPORATION OF ALLEGATIONS

19. We reassert the foregoing allegations and incorporate them by reference as if fully set forth in each of the following claims. In each Claim we sue Defendant Roob, as the Indiana official responsible for administering the Medicaid program in the state.

## FIRST CAUSE OF ACTION

## AMERICANS WITH DISABILITIES ACT—TITLE II

20. Christian is an otherwise qualified individual with a disability as defined by the Americans with Disabilities Act (ADA) and, in violation of Title II thereof, 42 U.S.C. sec. 12131 et seq., has been denied benefits to which he is entitled from FSSA and its contractor, which are public services under the ADA.

## SECOND CAUSE OF ACTION

## AMERICANS WITH DISABILITIES ACT—TITLE III

21. Christian re-alleges that he is an individual with a disability as defined by Title III of the ADA, 42 U.S.C. sec. 12181 et seq., and has been denied benefits to which he is entitled from the Coalition, which is a public entity under the ADA.

## THIRD CAUSE OF ACTION-

## SECTION 504 OF THE REHABILITATION ACT

22. Christian re-alleges that he is an individual with a disability within the meaning of Section 504 of the Rehabilitation Act, 29 U.S.C. sec. 794, and has been denied benefits to which he is entitled.

## FOURTH CAUSE OF ACTION-

## BREACH OF CONTRACT

23. Christian is a third-party beneficiary of contracts between FSSA, the Coalition, and the United States Department of Health and Human Services. FSSA and the Coalition have breached those contracts in that they have denied benefits to which Christian is entitled. The contracts are in possession of Defendants and are not attached. We will seek production of them in discovery. We plead this claim both directly as a federal question and as a supplemental claim under Indiana law.

## FIFTH CAUSE OF ACTION—
## FEDERAL MEDICAID STATUTE

24. FSSA and the Coalition have denied benefits to which Christian is entitled under the federal Medicaid statute, 42 U.S.C. sec. 1396 et seq.

## SIXTH CAUSE OF ACTION—
## FOURTEENTH AMENDMENT

25. Defendant Roob is a person acting under color of law. He has violated Christian's rights as guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States in that FSSA and the Coalition, acting under his authority have denied Medicaid benefits to which Christian is entitled.

## SEVENTH CAUSE OF ACTION—
## STATE MEDICAID STATUTE

26. Christian re-alleges the previous six Claims and now asserts a supplemental claim.

27. All Defendants have violated the Indiana Medicaid statute, I.C 12-15-1-1, in that they have denied Christian Medicaid benefits to which he is entitled.

## EIGHTH CAUSE OF ACTION-

## INDIANA STATE CONSTITUTION

28. Christian re-alleges the previous seven Claims and now asserts a supplemental claim.

29. All Defendants have violated Article I, Section 23 of the Constitution of the State of Indiana guaranteeing due course of law, in that the have denied Christian Medicaid benefits to which he is entitled.

.

## RELIEF

WHEREFORE, Plaintiff CHRISTIAN COOP requests this Court to grant the following relief:

(A) Issue a Declaratory Judgment determining the rights and obligations of the parties, including a determination of his eligibility for Medicaid benefits.

(B) Issue appropriate Preliminary and Permanent Injunctive Orders to implement the Declaratory Judgment.

(C) Conduct a jury trial on any issue so triable.

(D) Award him appropriate compensatory and exemplary damages on each Claim upon which he prevails.

(E) Grant such additional legal and equitable relief as the Court deems just.

Respectfully submitted,

INDIANA LEGAL SERVICES, INC.
Attorney for Plaintiff

_____
Kent Hull
Attorney No.: 8580-71
105 E. Jefferson Blvd., Suite 600
South Bend, IN  46601
(574) 234-8121

## VERIFICATION

I affirm under penalty of perjury this 23 day of January, 2008, that the foregoing allegations are true.

_____